**HARTFORD UNDERWRITERS INSURANCE, Appellant,**

v.

**Shirley MILLS, Appellee.**

**No. 2–02–177–CV.**

Court of Appeals of Texas, Fort Worth.

June 12, 2003.

Ayers and Ayers, Deanne C. Ayers, Colleyville, for Appellant.

Norman Darwin, Fort Worth, for Appellee.

PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

■ The issue in this appeal is whether the trial court abused its discretion in granting appellee Shirley Mills's bill of review. In seven issues, appellant Hartford Underwriters Insurance challenges the granting of the bill of review, the findings of fact and conclusions of law on which the trial court's decision is based, and the trial court's taking judicial notice

of certain evidence. On our own motion, we dismiss the appeal for want of jurisdiction.[1]

On May 14, 2003, we sent appellant's counsel a letter (a) indicating our concern that we did not have jurisdiction over the case because the judgment granting appellee's bill of review did not also dispose of the merits of the underlying lawsuit, and (b) directing appellant's counsel to submit a response stating grounds for continuing the appeal. *See* Tex.R.App. P. 42.3(a), 44.3; *Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex.1995) (per curiam); *Mills v. Corvettes of Houston, Inc.*, 44 S.W.3d 197, 199 (Tex. App.-Houston [14th Dist.] 2001, no pet.). Appellant filed a response on May 23, 2003.

In its response, appellant contends that the effect of the judgment granting the bill of review, which has a different cause number from the underlying workers' compensation case, is to require the parties to litigate the merits of the underlying case under its former cause number. It claims that *Jordan* and *Mills* are distinguishable in that the bill of review claims appear to have been contained within the same cause numbers as the underlying cases. We disagree.

■■■ A bill of review is an independent action brought to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex.1999). The procedural requirements of a bill of review proceeding are as follows:

First, in order to invoke the equitable powers of the court, the bill of review petitioner must file a petition alleging factually and with particularity that the prior judgment was rendered as a result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with his own negligence. The petitioner must further allege, with particularity, sworn facts sufficient to constitute a defense and, as a pretrial matter, present prima facie proof to support the contention.

Second, if a prima facie defense has been shown, the court will conduct a trial. At this trial, the petitioner must open and assume the burden of proving by a preponderance of the evidence that the judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with any negligence of his own. If the petitioner meets this burden, the factfinder will then determine whether the bill of review defendant, the original plaintiff, has proved the elements of his original cause of action. Once it is found that the petitioner is suffering under a wrongfully obtained judgment that is unsupported by the weight of the evidence, equity is satisfied and the court should grant the requested relief.

*State v.1985 Chevrolet Pickup Truck*, 778 S.W.2d 463, 464–65 (Tex.1989) (citations and footnotes omitted).[2] Thus, when the trial court grants a bill of review and sets aside a judgment in a prior case, the subsequent trial on the merits of the prior case occurs in the same proceeding as the trial on the bill of review. *See id.* at 465.

---

1. Jurisdiction can be raised at any point in the proceedings by either the parties or the court sua sponte. *Tex. Dep't of Transp. v. City of Sunset Valley*, 92 S.W.3d 540, 547 (Tex. App.-Austin 2002, no pet.).

2. Although the bill of review petitioners in *1985 Chevrolet Pickup Truck* were defendants in the underlying suit, a bill of review is available to a party who was a plaintiff in the underlying suit. *See, e.g., Wolfe v. Grant Prideco, Inc.*, 53 S.W.3d 771, 775 (Tex.App.-Houston [1st Dist.] 2001, pet. denied).

■ A bill of review that sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable. *Jordan*, 907 S.W.2d at 472; *Mills*, 44 S.W.3d at 199.[3] The judgment granting the bill of review in this case indicates that the issues in the underlying suit should be set for a trial on the merits, but does not dispose of those issues. Accordingly, the judgment is interlocutory and not appealable. We therefore dismiss the appeal for want of jurisdiction. *See Jordan*, 907 S.W.2d at 472.

---

3.   We find no reference in either of these cases     to the trial court cause numbers.