COURT 
OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 
2-03-009-CV


IN THE 
INTEREST OF J.B.A., AN EMANCIPATED CHILD 


------------

FROM THE 360TH DISTRICT COURT OF 
TARRANT COUNTY

------------

OPINION

------------
        Appellant, 
the Attorney General of Texas (“AG”), appeals from a judgment on a bill of 
review in favor of Appellees, Justin Brady Alexander Maples (“Justin”) and 
Steven Maples (“Maples”). Because we find that the trial court’s order was 
not a final, appealable order, we dismiss the appeal for want of jurisdiction.
Factual and Procedural Background
        Justin 
was born during the marriage of Maples and Rozella Alexander. In 1983, Alexander 
filed for divorce, alleging that Maples was Justin’s father and requesting 
child support. Maples did not deny paternity of Justin, and the trial court, 
finding Maples and Alexander to be the biological parents of Justin, ordered 
Maples to pay child support for Justin.
        The 
court ordered all support payments remitted to the AG for distribution pursuant 
to chapter 76 of the Texas Human Resources Code. Tex. Hum. Res. Code Ann. ch. 76. As 
assignee of all support rights, the AG served notice of a $19,533 delinquency on 
Maples in 1994. Maples raised no contest to the notice, and a writ of 
withholding was filed with a request for its issuance. Four years later, after 
Justin reached the age of eighteen, the AG filed a motion to reduce unpaid child 
support to judgment. A $39,709 arrearage judgment was entered against Maples 
after a trial in which he was represented by counsel.
        On 
October 15, 2001, after Justin’s 21st birthday, Maples filed a bill of review 
challenging the 1984 divorce decree and the related orders in the suit affecting 
the parent-child relationship (SAPCR). Maples alleged that DNA test results 
excluded him from paternity. The petition requested an order terminating his 
legal relationship with Justin and his obligation to satisfy the support 
arrearage. The AG excepted to Maples’ pleading, maintaining that Maples was 
required and failed to allege factually and with particularity that through no 
negligence of his own, he was prevented from asserting a meritorious defense to 
the original cause of action as a result of fraud, accident, wrongful act, or 
official mistake. Baker v. Goldsmith, 582 S.W.2d 404, 408 (Tex. 1979). 
The trial court sustained the special exceptions.
        In 
April 2002, Justin filed an amended petition for bill of review joined by Maples 
as a co-petitioner. Mimicking Maples’ original petition, Justin asked the 
court to:
        •      set 
aside the 1984 divorce decree as to the finding that Maples is Justin’s 
father;
 
•terminate 
Maples’ obligation to pay any child support arrearages;
 
•grant 
a new trial;
 
        •      enter 
temporary orders placing a hold on any money received by Alexander; and
 
•on 
final trial, order that Justin recover his costs of suit; that Maples’ child 
support obligation is paid in full; and that Maples is not Justin’s biological 
father.

After a 
bench trial, the trial court severed the SAPCR and related issues out of the 
divorce and set them aside. The trial court additionally set aside the finding 
that Maples is the biological father of Justin and all orders rendered as a 
result of that finding—including child custody, visitation, and support.
Discussion
        The 
final judgment in a bill of review should either deny any relief to the 
petitioner or grant the bill of review and set aside the former judgment, 
insofar as it is attacked, and substitute a new judgment which properly 
adjudicates the entire controversy. Tex. Employers' Ins. Ass'n v. Arnold, 
88 S.W.2d 473, 474 (Tex. 1935); Shahbaz v. Feizy Import & Export Co., 
827 S.W.2d 63, 64 (Tex. App.—Houston [1st Dist.] 1992, no writ); Crabtree 
v. Crabtree, 627 S.W.2d 486, 487 (Tex. App.—Corpus Christi 1981, no writ). 
A bill of review that sets aside a prior judgment but does not dispose of all 
the issues of the case on the merits is interlocutory in nature and not a final, 
appealable order. Tesoro Petroleum v. Smith, 796 S.W.2d 705, 705 (Tex. 
1990); Hartford Underwriters Ins. v. Mills, 110 S.W.3d 588, 591 (Tex. 
App.—Fort Worth 2003, no pet.).
        We 
previously notified the parties that we were concerned that this court did not 
have jurisdiction because the trial court had not entered a final judgment, and 
we gave the parties an opportunity to respond to this concern. See Tex. R. App. P. 42.3(a). Although the 
trial court set aside the prior judgment finding that Maples is the biological 
father of Justin and all orders rendered as a result of that finding, it did not 
address the merits of Appellees’ claims. Appellees asked the court to grant a 
new trial and then find that Maples is not the biological father of Justin. 
However, the court vacated the prior judgment without substituting a new 
judgment addressing the issue of whether Maples is Justin’s biological father. [1] Thus, the judgment granting the bill of review in this 
case does not dispose of all the issues in the case. Accordingly, the judgment 
is interlocutory and not appealable. Tesoro, 796 S.W.2d at 705. We 
therefore dismiss the appeal for want of jurisdiction.
 
 
                                                          DIXON 
W. HOLMAN
                                                          JUSTICE

PANEL B:   DAUPHINOT 
and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DELIVERED: January 15, 2004

NOTES
 
1. The only evidence in the record 
regarding this issue is the oral statement of Maples’ attorney that Maples and 
Justin underwent motherless paternity testing and the results indicated that 
Maples is not Justin’s biological father.