

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-07-247-CV

REBECCA LYNN MAHADY                                      APPELLANT

V.

JOSEPH DANIEL MAHADY                                      APPELLEE

-----------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

-----------

## MEMORANDUM OPINION[1]

-----------

This is an appeal from the trial court's no-evidence summary judgment denying appellant Rebecca Lynn Mahady relief in her bill of review proceeding attempting to set aside the trial court's final decree of divorce between the parties. Rebecca brings two issues challenging the propriety of the no-evidence summary judgment. We reverse and remand.

---

[1] *See* TEX. R. APP. P. 47.4.

**Background Facts**

Rebecca and appellee Joseph Daniel Mahady were married and had five children. In 2005, Rebecca left Texas for California; while she was in California, Joseph instituted divorce proceedings in Texas. After speaking with Joseph, the process server attempted to serve Rebecca in person and by alternative service at the parties' residence in Keller; however, he was unable to do so because Rebecca was in California. Rebecca was finally served in California on August 24, 2005, making her answer date September 19, 2005 at 10:00 a.m. *See* TEX. R. CIV. P. 99(b).

Although Rebecca contends that she sent an answer by UPS and that the answer was delivered at 9:28 a.m. on September 19, 2005, Joseph obtained a default decree of divorce that same day. A note on the decree shows that the prove-up occurred at 10:06 a.m. Rebecca timely filed a motion for new trial, but the trial court denied it because she failed to appear at the motion for new trial hearing.

On January 12, 2006, Rebecca filed a petition for bill of review seeking to set aside the property division in the decree.[2] On May 2, 2007, Joseph filed

---

[2] The trial court had already granted a new trial as to the provisions of the decree affecting Rebecca's and Joseph's three minor children and severed those proceedings from the divorce and property division.

2

a motion for no-evidence summary judgment and a traditional motion for summary judgment. Rebecca responded to both motions. On June 25, 2007, Joseph withdrew his motion for traditional summary judgment but not his no-evidence motion. That same day, the trial court granted Joseph's no-evidence motion for summary judgment and ordered that Rebecca take nothing on her bill of review petition. Rebecca filed this appeal.

**Standard of Review**

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. TEX. R. CIV. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.; Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 207 (Tex. 2002). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(i) & cmt.; *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan,* 199 S.W.3d 291, 292 (Tex. 2006). If the nonmovant brings forward more than a

3

scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).

## Applicable Law

A bill of review is an equitable proceeding to set aside a judgment that is not void on the face of the record but is no longer appealable or subject to a motion for new trial. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979); *Hartford Underwriters Ins. v. Mills*, 110 S.W.3d 588, 590 (Tex. App.—Fort Worth 2003, no pet.). Traditionally, a bill of review requires proof of three elements: (1) a meritorious defense to the underlying cause of action, (2) that was not asserted due to fraud, accident, wrongful act of an opponent, or official mistake, (3) unmixed with any fault or negligence by the movant. *Ross v. Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006); *King Ranch*, 118 S.W.3d at 751–52. A bill of review is proper when a party has exercised due diligence to prosecute all adequate legal remedies against a former judgment. *King Ranch*, 118 S.W.3d at 751; *Baker*, 582 S.W.2d at 408. This due diligence requirement is distinct from the three elements of the bill of

4

review and is a prerequisite to bringing a bill of review.[3] *Caldwell v. Barnes*, 975 S.W.2d 535, 537–38 (Tex. 1998); *Davis v. Smith*, 227 S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point. *King Ranch*, 118 S.W.3d at 751; *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950).

## Analysis

Both of Rebecca's issues challenge the propriety of the no-evidence summary judgment on any of the grounds asserted by Joseph in his motion. Joseph moved for a no-evidence summary judgment on the following grounds:

a.   **Meritorious Defense** - Petitioner [Rebecca] cannot show that [she] did not have [the] opportunity to present a defense, rather Petitioner had [the] opportunity to present a defense but chose instead to ignore the Texas proceedings.

b.   **Justification for Failure to Assert Defense** - Petitioner cannot show how [she] failed to make a defense by fraud, accident, wrongful act of Respondent [Joseph], or official mistake.

---

[3] Joseph alleged that Rebecca failed to exercise due diligence in exhausting all legal remedies against the decree only in his traditional motion for summary judgment, which he withdrew. Therefore, we will not address the due diligence prerequisite in determining whether the trial court's no-evidence summary judgment was proper.

c. **No Fault or Negligence** - Petitioner cannot show the default judgment was not rendered as a result of [her] fault or negligence, rather the California forum the Petitioner choose [sic] stated that [she] has caused many problems for herself by not participating in the Texas litigation.

In response, Rebecca produced her own affidavit, in which she swore that she filed her answer on September 19, 2005 and that she relied on the fact that UPS said it delivered the answer on time in thinking that Joseph could not obtain a default judgment against her. She also attached a printout from ups.com showing that UPS had delivered a package to Fort Worth at 9:28 a.m. on September 19, 2005 that was signed for by "Sellers" in the mail room. Finally, Rebecca attached a copy of a page entitled "Minute Orders" from the Superior Court of Marin County, California, in which the judge detailed a conversation on September 5, 2006 with the presiding judge of the 233rd District Court of Tarrant County. Although the orders state, "It appears that [Rebecca] has caused many problems for herself by not participating in the Texas litigation and that [Joseph] has taken full advantage of [her] status as a self-represented or defaulting litigant," the date of these orders is after the motion for new trial hearing at which Rebecca failed to appear. The orders appear to be more related to the custody proceedings involving the children rather than the divorce and property division; in addition, they do not mention whether Rebecca filed an answer in the divorce proceedings. Further, the

6

orders note that the California trial judge refused to register the decree in California because Rebecca "did not have notice of all the proceedings in Texas."

Joseph's no-evidence motion is based solely on his contention that Rebecca is not entitled to set aside the default divorce decree because of her own failure to participate in the Texas proceedings.[4] However, although the evidence shows that Rebecca failed to appear at the motion for new trial hearing after the default decree had already been entered, she did present evidence in response to Joseph's no-evidence motion showing that before the decree was entered, she sent her answer via UPS and that it arrived at 9:28 a.m. on September 19, 2005, shortly before the 10:00 a.m. deadline and only a few minutes before the 10:06 a.m. default hearing. Furthermore, at the motion for new trial hearing, Joseph's counsel admitted that Rebecca had filed an answer on September 19.

---

[4] A careful reading of his no-evidence motion shows that he never asserted as a ground that Rebecca failed to allege facts showing that she had a meritorious defense to the property division. Nevertheless, we note that even though the divorce was granted on the no-fault ground of insupportability, the decree awards Rebecca, who had been married to Joseph for at least ten years, only her clothing, jewelry, and personal effects then currently in her possession; it also awards Joseph's attorney $10,000 in attorney's fees for trial even though it recites that Joseph incurred only $4,500 in attorney's fees. Thus, a meritorious defense to at least part of the decree is apparent from its face.

7

In similar circumstances, the supreme court has held that "the necessity of pleading and proving accident, fraud[,] or wrongful act" is obviated. *Baker*, 582 S.W.2d at 407. In that case, the defendants had sent a letter denying the allegations in the suit directly to the trial judge, but the letter was misplaced through no fault of the defendants after it had been received in the Travis County courthouse mailroom. *Id*. at 405-07. The trial court denied the bill of review, but the court of appeals reversed and the supreme court affirmed the court of appeals. *Id*. at 406.

Here, there is at least some evidence that Rebecca attempted to participate in the Texas proceedings by filing a timely answer and that she was prevented from doing so through no fault of her own. Accordingly, we hold that Rebecca brought forward more than a scintilla of evidence sufficient to raise a genuine issue of material fact as to the three elements of a bill of review proceeding. We sustain her first issue.

**Conclusion**

Having sustained Rebecca's first issue as dispositive and having determined that the trial court erred by granting a no-evidence summary judgment that Rebecca take nothing on her bill of review petition, we reverse the trial court's judgment and remand this case for trial.

TERRIE LIVINGSTON
JUSTICE

PANEL A:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED: June 26, 2008

9