COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO.
2-07-247-CV

 

 

REBECCA LYNN MAHADY                                                    APPELLANT

 

                                                   V.

 

JOSEPH DANIEL MAHADY                                                       APPELLEE

 

                                              ------------

 

           FROM THE 233RD
DISTRICT COURT OF TARRANT
 COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

This is an appeal from the trial court=s
no-evidence summary judgment denying appellant Rebecca Lynn Mahady relief in
her bill of review proceeding attempting to set aside the trial court=s final
decree of divorce between the parties. 
Rebecca brings two issues challenging the propriety of the no-evidence
summary judgment.  We reverse and remand.








Background
Facts

Rebecca and appellee Joseph
Daniel Mahady were married and had five children.  In 2005, Rebecca left Texas
for California; while she was in California, Joseph instituted divorce proceedings in Texas.  After speaking with Joseph, the process
server attempted to serve Rebecca in person and by alternative service at the
parties=
residence in Keller; however, he was unable to do so because Rebecca was in California.  Rebecca was finally served in California on August 24,
2005, making her answer date September 19, 2005 at 10:00 a.m.  See Tex.
R. Civ. P. 99(b). 

Although Rebecca contends that she sent an answer
by UPS and that the answer was delivered at 9:28 a.m. on September 19, 2005,
Joseph obtained a default decree of divorce that same day.  A note on the decree shows that the prove-up
occurred at 10:06 a.m.  Rebecca timely
filed a motion for new trial, but the trial court denied it because she failed
to appear at the motion for new trial hearing. 









On January 12, 2006, Rebecca filed a petition for
bill of review seeking to set aside the property division in the decree.[2]  On May 2, 2007, Joseph filed a motion for
no-evidence summary judgment and a traditional motion for summary
judgment.  Rebecca responded to both
motions.  On June 25, 2007, Joseph
withdrew his motion for traditional summary judgment but not his no-evidence
motion.  That same day, the trial court
granted Joseph=s no-evidence motion for summary
judgment and ordered that Rebecca take nothing on her bill of review
petition.  Rebecca filed this
appeal.  

Standard of Review

After an adequate time for discovery, the party
without the burden of proof may, without presenting evidence, move for summary
judgment on the ground that there is no evidence to support an essential
element of the nonmovant=s claim or defense.  Tex.
R. Civ. P. 166a(i).  The motion
must specifically state the elements for which there is no evidence.  Id.;
Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless
the nonmovant produces summary judgment evidence that raises a genuine issue of
material fact.  See Tex. R. Civ. P. 166a(i) & cmt.; Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).








When reviewing a no-evidence summary judgment, we
examine the entire record in the light most favorable to the nonmovant,
indulging every reasonable inference and resolving any doubts against the
motion.  Sudan
v. Sudan,  199 S.W.3d 291, 292 (Tex. 2006). 
If the nonmovant brings forward more than a scintilla of probative
evidence that raises a genuine issue of material fact, then a no-evidence
summary judgment is not proper.  Moore
v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.CSan
Antonio 1998, pet. denied).

Applicable Law








A bill of review is an equitable proceeding to
set aside a judgment that is not void on the face of the record but is no
longer appealable or subject to a motion for new trial.  King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 751 (Tex. 2003); Baker v.
Goldsmith, 582 S.W.2d 404, 406 (Tex.
1979); Hartford Underwriters Ins. v.
Mills, 110 S.W.3d 588, 590 (Tex.
App.CFort
Worth 2003, no pet.).  Traditionally, a
bill of review requires proof of three elements:  (1) a meritorious defense to the underlying
cause of action, (2) that was not asserted due to fraud, accident, wrongful act
of an opponent, or official mistake, (3) unmixed with any fault or negligence
by the movant.  Ross v. Nat=l Ctr.
for the Employment of the Disabled, 197 S.W.3d 795, 797 (Tex. 2006); King
Ranch, 118 S.W.3d at 751B52.  A bill of review is proper when a party has
exercised due diligence to prosecute all adequate legal remedies against a
former judgment.  King Ranch, 118
S.W.3d at 751; Baker, 582 S.W.2d at 408. 
This due diligence requirement is distinct from the three elements of
the bill of review and is a prerequisite to bringing a bill of review.[3]  Caldwell
v. Barnes, 975 S.W.2d 535, 537B38 (Tex. 1998); Davis
v. Smith, 227 S.W.3d 299, 302 (Tex.
App.CHouston
[1st Dist.] 2007, no pet.).  The grounds
upon which a bill of review can be obtained are narrow because the procedure
conflicts with the fundamental policy that judgments must become final at some
point.  King Ranch, 118 S.W.3d at
751; Alexander v. Hagedorn, 148 Tex.
565, 226 S.W.2d 996, 998 (1950).

Analysis

Both of Rebecca=s issues
challenge the propriety of the no-evidence summary judgment on any of the
grounds asserted by Joseph in his motion.  
Joseph moved for a no-evidence summary judgment on the following
grounds:

a.      Meritorious Defense - Petitioner [Rebecca] cannot show
that [she] did not have [the] opportunity to present a defense, rather
Petitioner had [the] opportunity to present a defense but chose instead to
ignore the Texas
proceedings.

 

b.     Justification for Failure to Assert Defense - Petitioner
cannot show how [she] failed to make a defense by fraud, accident, wrongful act
of Respondent [Joseph], or official mistake.

 








c.      No
Fault or Negligence - Petitioner cannot show the default judgment was not
rendered as a result of [her] fault or negligence, rather the California forum
the Petitioner choose [sic] stated that [she] has caused many problems for
herself by not participating in the Texas litigation.  








In response, Rebecca produced her own affidavit, in
which she swore that she filed her answer on September 19, 2005 and that she
relied on the fact that UPS said it delivered the answer on time in thinking
that Joseph could not obtain a default judgment against her.  She also attached a printout from ups.com
showing that UPS had delivered a package to Fort Worth at 9:28 a.m. on September 19, 2005
that was signed for by ASellers@ in the
mail room.  Finally, Rebecca attached a
copy of a page entitled AMinute Orders@ from
the Superior Court of Marin County, California, in which the judge detailed a
conversation on September 5, 2006 with the presiding judge of the 233rd District Court of Tarrant County.  Although the orders state, AIt
appears that [Rebecca] has caused many problems for herself by not
participating in the Texas litigation and that [Joseph] has taken full advantage
of [her] status as a self-represented or defaulting litigant,@ the
date of these orders is after the motion for new trial hearing at which Rebecca
failed to appear.  The orders appear to
be more related to the custody proceedings involving the children rather than
the divorce and property division; in addition, they do not mention whether
Rebecca filed an answer in the divorce proceedings.  Further, the orders note that the California trial judge refused to register the decree in California because Rebecca Adid not
have notice of all the proceedings in Texas.@  

Joseph=s
no-evidence motion is based solely on his contention that Rebecca is not
entitled to set aside the default divorce decree because of her own failure to
participate in the Texas
proceedings.[4]  However, although the evidence shows that
Rebecca failed to appear at the motion for new trial hearing after the default
decree had already been entered, she did present evidence in response to Joseph=s
no-evidence motion showing that before the decree was entered, she sent her
answer via UPS and that it arrived at 9:28 a.m. on September 19, 2005, shortly
before the 10:00 a.m. deadline and only a few minutes before the 10:06 a.m.
default hearing.  Furthermore, at the
motion for new trial hearing, Joseph=s
counsel admitted that Rebecca had filed an answer on September 19.  








In similar circumstances, the supreme court has
held that Athe necessity of pleading and
proving accident, fraud[,] or wrongful act@ is
obviated.  Baker, 582 S.W.2d at
407.  In that case, the defendants had
sent a letter denying the allegations in the suit directly to the trial judge,
but the letter was misplaced through no fault of the defendants after it had
been received in the Travis
 County courthouse
mailroom.  Id. at 405-07.  The trial court denied the bill of review,
but the court of appeals reversed and the supreme court affirmed the court of
appeals.  Id. at 406.

Here, there is at least some evidence that
Rebecca attempted to participate in the Texas
proceedings by filing a timely answer and that she was prevented from doing so
through no fault of her own. 
Accordingly, we hold that Rebecca brought forward more than a scintilla
of evidence sufficient to raise a genuine issue of material fact as to the
three elements of a bill of review proceeding. 
We sustain her first issue.

 

 

 

 

 

 








Conclusion

Having sustained Rebecca=s first
issue as dispositive and having determined that the trial court erred by
granting a no-evidence summary judgment that Rebecca take nothing on her bill
of review petition, we reverse the trial court=s
judgment and remand this case for trial.

 

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL A:   LIVINGSTON, DAUPHINOT,
and WALKER, JJ.

DELIVERED: June 26, 2008











[1]See Tex. R. App. P. 47.4.





[2]The trial court had
already granted a new trial as to the provisions of the decree affecting
Rebecca=s and Joseph=s three minor children
and severed those proceedings from the divorce and property division.  





[3]Joseph alleged that
Rebecca failed to exercise due diligence in exhausting all legal remedies
against the decree only in his traditional motion for summary judgment, which
he withdrew.  Therefore, we will not
address the due diligence prerequisite in determining whether the trial court=s no-evidence summary
judgment was proper.





[4]A careful reading of his
no-evidence motion shows that he never asserted as a ground that Rebecca failed
to allege facts showing that she had a meritorious defense to the property
division.  Nevertheless, we note that
even though the divorce was granted on the no-fault ground of insupportability,
the decree awards Rebecca, who had been married to Joseph for at least ten
years, only her clothing, jewelry, and personal effects then currently in her
possession; it also awards Joseph=s attorney $10,000 in attorney=s fees for trial even
though it recites that Joseph incurred only $4,500 in attorney=s fees.  Thus, a meritorious defense to at least part
of the decree is apparent from its face.