

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-258-CV

DAVID L. SMITH                                                    APPELLANT

V.

BILL BELTON, JACK ALLEN,                                          APPELLEES
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS
CONSTABLE OF PRECINCT
FOUR OF TARRANT COUNTY,
TEXAS; CAMP BOWIE
PARTNERS, L.P., A TEXAS
LIMITED PARTNERSHIP; AND
CAMP BOWIE CAPITAL CORP.,
A TEXAS CORPORATION

------------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

---

[1] *See* Tex. R. App. P. 47.4.

The issue in this appeal is whether an order entered by the justice court granting a new trial on a petition for bill of review is a final, appealable order that may be appealed to a county court at law. Because we hold that it is not, we dismiss this appeal for want of jurisdiction.

## I.    PROCEDURAL BACKGROUND

On September 20, 2002, appellant David L. Smith filed suit against appellee Bill Belton in Tarrant County Justice of the Peace Court Precinct Four, styled *Smith v. Belton*, Cause No. C00004616. Smith sought the return of his apartment lease security deposit and other damages from Belton, whom he alleged was the apartment owner. On October 28, 2002, Smith took a default judgment against Belton, and the justice court awarded Smith $5,000.00 in damages.

On January 27, 2003, Belton filed a petition for bill of review in the same justice court, styled *Belton v. Smith*, Cause No. C00004724, seeking to vacate the default judgment entered against him in *Smith v. Belton*. Smith answered and brought crossclaims and third-party claims against appellees Jack Allen, individually and in his official capacity as Constable of Precinct Four of Tarrant County, Texas, Camp Bowie Partners, L.P., a Texas Limited Partnership, and Camp Bowie Capital Corp., a Texas Corporation.

On June 20, 2003, the justice court entered an order setting aside the judgment and granting a new trial in *Smith v. Belton*. The justice court specifically ordered as follows:

> IT IS, THEREFORE ORDERED, ADJUDGED, AND DECREED THAT: the Petition for Bill of Review is [in] all things GRANTED; the Judgment dated October 28, 2002[,] in Cause No. C00004616 is SET ASIDE in all respects, including all post judgment writs, motions, and any other matters filed therein; and *IT IS ORDERED that Cause No. C00004616 is now a pending case and should be set, upon notice to all parties[,] for a new trial* (emphasis added).

Smith appealed the justice court's judgment to Tarrant County Court at Law No. 3.

Nearly two years later, in March 2005, the county court at law conducted a de novo hearing on Belton's petition for bill of review and determined that Belton established a meritorious defense to Smith's claims. The following year, on July 27, 2006, the county court at law, on its own motion, entered an order dismissing Smith's counterclaims and third-party claims for want of jurisdiction, based on its finding that Smith pleaded his claims outside of the jurisdictional limits of the justice court.[2]

---

[2]... When this case was filed, amounts in controversy of more than $5,000, exclusive of interest, were outside the justice courts' jurisdictional limits. *See* Act of May 22, 1991, 72nd Leg., R.S., ch. 776, § 2, sec. 27.031(a)(1), 1991 Tex. Gen. Laws 2767, 2767 (amended 2007) (current version at Tex. Gov't Code Ann. § 27.031(a)(1) (Vernon Supp. 2009) (raising jurisdictional limit to $10,000 for cases filed on or after Sept. 1, 2007)).

In August 2006, Smith appealed the county court at law's July 27, 2006 order to this court. We stayed that appeal upon notification that Smith had filed a petition for bankruptcy.

No further activity occurred in the case pending before the county court at law until April 15, 2008, when the county court at law was informed that the bankruptcy court had dismissed Smith's petition for bankruptcy. The next day, the county court at law entered a notice of dismissal for want of prosecution. No party seeking affirmative relief responded to the court's notice and, in an order signed May 21, 2008, the county court at law dismissed all remaining claims pending before it for want of prosecution.

On June 19, 2008, Smith filed his notice of appeal in this court, attempting to appeal the county court at law's May 21, 2008 order, "including all orders, rulings, findings and conclusions merged therein."

## II.   LACK OF SUBJECT MATTER JURISDICTION

On October 28, 2009, we sent Smith a letter expressing our concern that the justice court's June 20, 2003 judgment does not appear to be an appealable, interlocutory order, and we directed the parties to file any response showing grounds for continuing the appeal. Smith responded that the June 20, 2003 judgment is final and appealable because appellees waived any objection

to appellate jurisdiction in the county court at law and because the justice court lacked jurisdiction.

A bill of review is an independent action brought to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial.[3] When the trial court grants a bill of review and sets aside a judgment in a prior case, the subsequent trial on the merits of the prior case occurs in the same proceeding as the trial on the bill of review.[4] A bill of review that sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable.[5]

The justice court's June 20, 2003 judgment granting bill of review states that the prior case, Cause No. C00004616, "is now a pending case and should be set . . . for a new trial." The judgment does not dispose of the prior case on the merits. Therefore, the June 20, 2003 judgment of the justice court was interlocutory and not appealable, and the county court at law had no jurisdiction

[3] *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999); *State v.1985 Chevrolet Pickup Truck, VIN: 1GCEK14HLFS165672*, 778 S.W.2d 463, 464–65 (Tex. 1989) (op. on reh'g).

[4] *1985 Chevrolet Pickup Truck*, 778 S.W.2d at 465; *Hartford Underwriters Ins. v. Mills*, 110 S.W.3d 588, 590 (Tex. App.—Fort Worth 2003, no pet.).

[5] *Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995); *Hartford Underwriters*, 110 S.W.3d at 591; *Mills v. Corvettes of Houston, Inc.*, 44 S.W.3d 197, 199 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

to entertain Smith's appeal of the petition for review proceeding. Because the county court at law had no jurisdiction over the petition for review proceeding, it had no jurisdiction to enter the May 21, 2008 order from which this appeal has been taken. Therefore, we only have jurisdiction to vacate the May 21, 2008 order and dismiss this appeal.[6]

Accordingly, we vacate the county court at law's May 21, 2008 order and dismiss this appeal for want of jurisdiction.

PER CURIAM

PANEL: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DELIVERED: November 25, 2009

---

[6] *See* Tex. R. App. P. 42.3(a), 43.2(e); *In re Gibbs*, 253 S.W.3d 866, 877 (Tex. App.—Fort Worth 2008, pet. dism'd) (op. on reh'g) (vacating order in case over which trial court had no jurisdiction and dismissing appeal).