COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-258-CV

 

 

DAVID L. SMITH                                                                 APPELLANT

 

                                                   V.

 

BILL BELTON, JACK ALLEN,                                                  APPELLEES

INDIVIDUALLY AND IN HIS 

OFFICIAL CAPACITY AS 

CONSTABLE OF PRECINCT 

FOUR OF TARRANT COUNTY, 

TEXAS; CAMP BOWIE

PARTNERS, L.P., A TEXAS

LIMITED PARTNERSHIP; AND

CAMP BOWIE CAPITAL CORP.,

A TEXAS CORPORATION

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








The
issue in this appeal is whether an order entered by the justice court granting
a new trial on a petition for bill of review is a final, appealable order that
may be appealed to a county court at law. 
Because we hold that it is not, we dismiss this appeal for want of
jurisdiction.

I.     PROCEDURAL BACKGROUND

On
September 20, 2002, appellant David L. Smith filed suit against appellee Bill
Belton in Tarrant County Justice of the Peace Court Precinct Four, styled Smith
v. Belton, Cause No. C00004616.  Smith
sought the return of his apartment lease security deposit and other damages
from Belton, whom he alleged was the apartment owner.  On October 28, 2002, Smith took a default
judgment against Belton, and the justice court awarded Smith $5,000.00 in
damages. 

On
January 27, 2003, Belton filed a petition for bill of review in the same
justice court, styled Belton v. Smith, Cause No. C00004724, seeking to
vacate the default judgment entered against him in Smith v. Belton.  Smith answered and brought crossclaims and
third-party claims against appellees Jack Allen, individually and in his
official capacity as Constable of Precinct Four of Tarrant County, Texas, Camp
Bowie Partners, L.P., a Texas Limited Partnership, and Camp Bowie Capital
Corp., a Texas Corporation.








On June
20, 2003, the justice court entered an order setting aside the judgment and
granting a new trial in Smith v. Belton. 
The justice court specifically ordered as follows:

IT
IS, THEREFORE ORDERED, ADJUDGED, AND DECREED THAT: the Petition for Bill of
Review is [in] all things GRANTED; the Judgment dated October 28, 2002[,] in
Cause No. C00004616 is SET ASIDE in all respects, including all post judgment
writs, motions, and any other matters filed therein; and IT IS ORDERED that
Cause No. C00004616 is now a pending case and should be set, upon notice to all
parties[,] for a new trial (emphasis added). 

Smith
appealed the justice court=s
judgment to Tarrant County Court at Law No. 3. 

Nearly
two years later, in March 2005, the county court at law conducted a de novo
hearing on Belton=s petition for bill of review
and determined that Belton established a meritorious defense to Smith=s
claims.  The following year, on July 27,
2006, the county court at law, on its own motion, entered an order dismissing
Smith=s
counterclaims and third-party claims for want of jurisdiction, based on its
finding that Smith pleaded his claims outside of the jurisdictional limits of
the justice court.[2]









In
August 2006, Smith appealed the county court at law=s July
27, 2006 order to this court.  We stayed
that appeal upon notification that Smith had filed a petition for bankruptcy.

No
further activity occurred in the case pending before the county court at law
until April 15, 2008, when the county court at law was informed that the
bankruptcy court had dismissed Smith=s
petition for bankruptcy.  The next day,
the county court at law entered a notice of dismissal for want of
prosecution.  No party seeking
affirmative relief responded to the court=s notice
and, in an order signed May 21, 2008, the county court at law dismissed all
remaining claims pending before it for want of prosecution.  

On June
19, 2008, Smith filed his notice of appeal in this court, attempting to appeal
the county court at law=s May 21, 2008 order, Aincluding
all orders, rulings, findings and conclusions merged therein.@ 

II.    
LACK OF SUBJECT MATTER JURISDICTION








On
October 28, 2009, we sent Smith a letter expressing our concern that the
justice court=s June 20, 2003 judgment does
not appear to be an appealable, interlocutory order, and we directed the
parties to file any response showing grounds for continuing the appeal.  Smith responded that the June 20, 2003 judgment
is final and appealable because appellees waived any objection to appellate
jurisdiction in the county court at law and because the justice court lacked
jurisdiction. 

A bill
of review is an independent action brought to set aside a judgment that is no
longer appealable or subject to challenge by a motion for new trial.[3]  When the trial court grants a bill of review
and sets aside a judgment in a prior case, the subsequent trial on the merits
of the prior case occurs in the same proceeding as the trial on the bill of
review.[4]  A bill of review that sets aside a prior
judgment but does not dispose of the case on the merits is interlocutory and
not appealable.[5]








The
justice court=s June 20, 2003 judgment
granting bill of review states that the prior case, Cause No. C00004616, Ais now a
pending case and should be set . . . for a new trial.@  The judgment does not dispose of the prior
case on the merits.  Therefore, the June
20, 2003 judgment of the justice court was interlocutory and not appealable,
and the county court at law had no jurisdiction to entertain Smith=s appeal
of the petition for review proceeding. 
Because the county court at law had no jurisdiction over the petition
for review proceeding, it had no jurisdiction to enter the May 21, 2008 order
from which this appeal has been taken. 
Therefore, we only have jurisdiction to vacate the May 21, 2008 order
and dismiss this appeal.[6]

Accordingly,
we vacate the county court at law=s May
21, 2008 order and dismiss this appeal for want of jurisdiction.

 

PER CURIAM

PANEL:  CAYCE, C.J.; LIVINGSTON
and MCCOY, JJ.

 

DELIVERED:  November 25, 2009











[1]See Tex. R. App. P. 47.4.





[2]When this case was filed,
amounts in controversy of more than $5,000, exclusive of interest, were outside
the justice courts= jurisdictional
limits.  See Act of May 22, 1991,
72nd Leg., R.S., ch. 776, ' 2, sec. 27.031(a)(1), 1991 Tex. Gen. Laws
2767, 2767 (amended 2007) (current version at Tex. Gov=t Code Ann. ' 27.031(a)(1)
(Vernon Supp. 2009) (raising jurisdictional limit to $10,000 for cases filed on
or after Sept. 1, 2007)).





[3]Wembley Inv. Co. v.
Herrera,
11 S.W.3d 924, 926B27 (Tex. 1999); State
v.1985 Chevrolet Pickup Truck, VIN: 1GCEK14HLFS165672, 778 S.W.2d 463, 464B65 (Tex. 1989) (op. on
reh=g).





[4]1985 Chevrolet Pickup
Truck,
778 S.W.2d at 465; Hartford Underwriters Ins. v. Mills, 110 S.W.3d 588,
590 (Tex. App.CFort Worth 2003, no
pet.).





[5]Jordan v. Jordan, 907 S.W.2d 471, 472
(Tex. 1995); Hartford Underwriters, 110 S.W.3d at 591; Mills v.
Corvettes of Houston, Inc., 44 S.W.3d 197, 199 (Tex. App.CHouston [14th Dist.]
2001, no pet.).





[6]See Tex. R. App. P. 42.3(a),
43.2(e); In re Gibbs, 253 S.W.3d 866, 877 (Tex. App.CFort Worth 2008, pet.
dism=d) (op. on reh=g) (vacating order in
case over which trial court had no jurisdiction and dismissing appeal).