**Judgment Set Aside and Appeal Dismissed; Opinion Filed August 20, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00436-CV

### CLEBURNE FOODS, LLC, Appellant
### V.
### OSAMA ZAWIDEH AND ZAWIDEH INVESTMENTS, INC., Appellees

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-03395-2008**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Evans

Cleburne Foods, LLC appeals from the trial court's March 16, 2015 judgment granting "Defendants' Motion for Dismissal for Lack of Jurisdiction" and denying all of its claims against Osama Zawideh (Osama) in cause number 380-03395-2008.[1] In two issues, Cleburne Foods asserts (1) the trial court lacked subject matter jurisdiction when it rendered the September 10, 2010 order granting Osama's motion for summary judgment and (2) the trial court erred in rendering the appealed judgment on the ground that the September 10 order granting summary judgment constituted a final judgment.

---

[1] By order dated June 23, 2015, the Texas Supreme Court transferred this case to the Court of Appeals for the Eighth District of Texas, El Paso. By order dated April 12, 2018, the Texas Supreme Court transferred this case back to this Court for resolution.

## BACKGROUND

In cause number 380-03395-2008, Cleburne Foods sued Osama and Zawideh Investments LLC (collectively Zawideh) for breach of contract, fraud, and deceptive trade practices based on a real estate transaction. On May 8, 2009, the trial court signed a default judgment awarding Cleburne Foods $794,200 in damages from Osama and Zawideh Investments. The default judgment provided for pre- and post-judgment interest, court costs, and writs of execution. It concluded with a Mother Hubbard clause stating, "All relief not expressly granted herein is denied." This judgment was not appealed.

In their appellate briefs, the parties inform this Court that Zawideh filed a separate bill of review proceeding that was assigned trial court cause number 380-04710-2009. According to the parties, the trial court in the bill of review proceeding signed an order on January 12, 2010 granting the bill of review as to Osama and denying it as to Zawideh Investments. This is the only substantive order signed in the bill of review proceeding.

After the interlocutory order was signed in the bill of review proceeding, cause number 380-04710-2009, the parties began filing pleadings in the original cause number 380-03395-2008. On April 19, 2010, Cleburne Foods filed a second amended original petition again asserting claims against both Osama and Zawideh Investments. Osama responded with a motion for summary judgment. By order signed on September 1, 2010, the trial court granted Osama's motion for summary judgment. Activity in the original action continued for several more years.

Trial commenced on March 9, 2015. Rather than conduct a trial, the trial court considered Zawideh's pretrial motion seeking dismissal. On March 16, 2015, the trial court signed a judgment that both granted Zawideh's motion for dismissal for lack of jurisdiction and ordered that any claims for damages against Osama were denied in full. On March 17, 2015, Cleburne Foods filed a motion to reconsider. This appeal followed.

DISCUSSION

## A.     Appellate Jurisdiction

Initially, we address Zawideh's contention in its brief that Cleburne Foods's notice of appeal is untimely.   Zawideh mistakenly asserts that Cleburne Foods' March 17 motion to reconsider extended the time to file a notice of appeal by only seventy-five days from the date of judgment.  When a party files a timely motion for new trial, the notice of appeal is due ninety days after the date the judgment is signed.  *See* TEX. R. APP. P. 26.1(a).  Accordingly, Cleburne Foods' motion to reconsider extended the deadline for filing a notice of appeal to Monday, June 15, 2015. *See* TEX. R. CIV. P. 329b(a); TEX. R. APP. P. 4.1(a); 26.1(a).  Cleburne Foods timely filed a notice of appeal on June 11, 2015.

## B.     Trial Court Jurisdiction

Turning now to the merits of this appeal, Cleburne Foods asserts the trial court lacked jurisdiction when it signed the September 1, 2010 order granting Osama's motion for summary judgment.  If this assertion is correct, it follows that the trial court also lacked jurisdiction when it signed the March 16, 2015 judgment that is the subject of this appeal.

The law regarding bill of review proceedings controls the outcome of this appeal.  A bill of review is a proceeding to set aside a judgment that is no longer appealable or subject to a motion for new trial. Tex. R. Civ. P. 329b(f); *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010).  Unlike a motion for new trial that is filed in the same original case and a restricted appeal that is an appeal taken from the trial court's judgment in the original case, a bill of review is an independent equitable action filed as a separate proceeding from the underlying lawsuit.  *See State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463, 464 (Tex. 1989).

A bill of review proceeding will involve either a one-step or two-step process.  If the bill of review is denied, the matter is determined in one step and the order denying the bill of review

becomes a final order from which an appeal may be taken. *See Baker v. Goldsmith*, 582 S.W.2d 404, 409 (Tex. 1979). If, however, the bill of review is granted, a second step is necessary. The second step requires adjudication of "whether the bill of review defendant, the original plaintiff, has proved the elements of his *original* cause of action." *Id.* (emphasis added). "When the trial court grants a bill of review and sets aside a judgment in a prior case, the subsequent trial on the merits of the prior case *occurs in the same proceeding as the trial on the bill of review*." *Hartford Underwriters Ins. v. Mills*, 110 S.W.3d 588, 590 (Tex. App.—Fort Worth 2003, no pet.) (emphasis added). This is so because the trial court's plenary power of the original action has expired and, therefore, the trial court lacks subject matter jurisdiction over that case. A bill of review proceeding that sets aside a prior judgment but does not dispose of all the issues of the case on the merits is interlocutory and not a final judgment appealable to the court of appeals. *See Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990) (per curiam); *see also Am. Cas. Co. of Reading Pennsylvania v. City Of Dallas*, No. 05-04-01141-CV, 2004 WL 2241183, at *1 (Tex. App.—Dallas Oct. 6, 2004, no pet.).

A judgment rendered by a court without subject matter jurisdiction is void. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 309–10 (Tex. 2010) (orig. proceeding); *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam). When a party appeals from a void order and the appellate court lacks jurisdiction to consider the appeal, the proper procedure is for the appellate court to declare the order void and dismiss the appeal. *See Freedom Commc'ns Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012).

Here, Cleburne Foods obtained a final default judgment against Osama and Zawideh Investments in the original action on May 8, 2009. No motion for new trial or other motion extending the trial court's plenary power was filed. And, no restricted appeal was taken. The plenary jurisdiction of the trial court in cause number 380-03395-2008 expired on June 7, 2009,

thirty days after the default judgment was signed. *See* Tex. R. Civ. P. 329b(d) (providing that the trial court has plenary power to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed). As a separate lawsuit, however, the bill of review proceeding did not restore a trial court's plenary power over the original action. *See Alaimo v. U.S. Bank Tr. Nat'l Ass'n*, No. 02-16-00123-CV, 2017 WL 3633297, at *4 (Tex. App.—Fort Worth Aug. 24, 2017, no pet.) ("[A] bill of review is a different procedural device—it is both filed and resolves the underlying dispute in a separate lawsuit. It does not, therefore, restore a court's plenary power over a cause of action that has been resolved by final judgment.").

Had either a motion for new trial been granted or a restricted appeal resulted in a reversal and remand, the trial court's plenary power in the original action would have been restored, making a bill of review proceeding unnecessary. The trial court's plenary power over the original action expired on June 7, 2009, thirty days after the default judgment was signed. Because the trial court here had lost its plenary power in the original action (cause number 380-03395-2008) by the time it attempted to adjudicate the merits of the original controversy, it acted without jurisdiction. *See Alaimo*, 2017 WL 3633297, at *4; *see also In re United Servs. Auto. Ass'n*, 307 S.W.3d at 309–10; *Owens*, 907 S.W.2d at 486.

## CONCLUSION

We conclude the March 16, 2015 judgment is void because the trial court lacked subject matter jurisdiction. For this reason, we have no jurisdiction to consider the merits of this appeal.

Accordingly, we set aside the trial court's March 16, 2015 judgment and dismiss the appeal.[2]

/David Evans/
_____
DAVID EVANS
JUSTICE

180436F.P05

---

[2] Because the order in the bill of review proceeding here fails to dispose of the merits of the underlying controversy between Cleburne Foods and Osama, it is interlocutory and the bill of review proceeding remains pending.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CLEBURNE FOODS, LLC, Appellant

No. 05-18-00436-CV     V.

OSAMA ZAWIDEH AND ZAWIDEH
INVESTMENTS, INC., Appellees

On Appeal from the 380th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 380-03395-2008.
Opinion delivered by Justice Evans.
Justices Lang-Miers and Schenck
participating.

In accordance with this Court's opinion of this date, the trial court's judgment dated March 16, 2015 is **SET ASIDE** and this appeal is **DISMISSED**.

It is **ORDERED** that the parties bear their own costs of this appeal.

Judgment entered this 20ᵗʰ day of August, 2018.