**Kathy Stringer JORDAN and Jerry Jordan, Petitioners,**

v.

**Susan B. JORDAN and Ron Jordan, Respondents.**

No. 95–0166.

Supreme Court of Texas.

June 8, 1995.

**472**

appealable. *Tesoro Petroleum v. Smith,* 796 S.W.2d 705 (Tex.1990); *Warren v. Walter,* 414 S.W.2d 423 (Tex.1967). The trial court in this case has ordered a trial on the merits, indicating that all issues are not resolved. Consequently the court of appeals lacked jurisdiction.

Curtis W. Fenley, Jr., Lufkin, Michael W. Minton, Dallas, for petitioners.

D. Joe Albright, Lisa H. Pennington, Houston, for respondents.

PER CURIAM.

This case involves the jurisdiction of the court of appeals to review the granting of a bill of review. Because the bill of review in this case was interlocutory, the court of appeals did not have jurisdiction. Pursuant to TEX.R.APP.P. 170, a majority of the Court, without hearing oral argument, grants the application for writ of error, reverses the decision of the court of appeals and dismisses the appeal for want of jurisdiction.

Susan and Ron Jordan sued Kathy and Jerry Jordan in 1990, seeking damages arising from a boating accident in 1989. Suits were filed in both state and federal court. Kathy and Jerry filed an answer in federal court but not in state court. In 1991, the trial court rendered default judgment against Kathy and Jerry. Later that year, Kathy and Jerry initiated a bill of review proceeding, asking the trial court to vacate the prior judgment and render judgment against Susan and Ron. The trial court vacated the prior judgment and ordered a trial on the merits. The court of appeals then reversed the trial court.

A bill of review which sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not