NO. 07-00-0591-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 25, 2001

______________________________

IN RE: JOSE E. QUINTANA

_________________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Relator Jose E. Quintana seeks a writ of mandamus ordering respondent, the Honorable Samuel Kiser, allegedly the Judge of the 181
st
 District Court of Randall County, to hear and rule on certain motions filed by relator.  We deny the application.

FACTUAL AND PROCEDURAL BACKGROUND

On January 2, 2001, relator filed with the clerk of this court a pleading entitled Petition for Writ of Mandamus.  In the petition, he alleges that he has filed several motions in Cause No. 8787-B in the 181
st
 District Court of Randall County (the trial court), which is styled The State of Texas v. Jose E. Quintana.  He further alleges that the motions have not been heard or ruled on by respondent.  We are requested to direct respondent to hear and rule on the motions.  

In support of his application for writ of mandamus, relator has not attached or furnished any copies of the motions he allegedly has filed, any proof that respondent has been requested to hear the motions, or other document or record of proceedings.   

LAW

When application for writ of mandamus is made, it is the relator’s burden to show entitlement to the relief being requested.  
See
 
generally
 
Johnson v. Fourth District Court of Appeals
, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).  Relator must file with the petition a certified sworn copy of every document that is material to the relator’s claim for relief and that was filed in any underlying proceeding, and a properly authenticated transcript of any relevant testimony from any underlying proceeding including any exhibits offered in evidence or a statement that no testimony was adduced in connection with the matter complained of.  
Tex. R. App.
 P. 52.7(a).

ANALYSIS AND CONCLUSION

Relator’s petition for a writ of mandamus contains only allegations.  Certified, sworn copies of the motions he alleges were filed in the trial court proceeding are not included with the petition, nor is any other document or transcript. 

Relator has not presented a record which shows entitlement to the relief sought, or upon which we are authorized to act.

Accordingly, relator’s application for writ of mandamus is denied.

Phil Johnson

     Justice

Do not publish.rt was convicted of possession of a gambling device in both criminal proceedings pursuant to pleas of guilty.  In cause number CR2002-124 the court rendered an order on January 23, 2003 forfeiting 25 gambling devices, $28,103.14 in cash and $7,447.45 seized from a bank account as gambling proceeds.  It ordered return of six other items.   A March 25, 2003, order nunc pro tunc in cause number CR2002-124 added forfeiture of an additional $9,072.46.  

In cause number CR2002-120 the court’s initial order,  rendered January 23, 2003, also forfeited 25 devices, the same money forfeited in CR2002-124, and ordered return of the same six items as the order in CR2002-124.  An amended order signed February 11, 2003, directed forfeiture of 23 machines and $10,601.33 in cash.

In September 2003 Stewart filed a bill of review petition under cause number 2002-220 seeking reformation of the forfeiture judgments in CR2002-120 and CR2002-124 to direct return of the money on the basis the State failed to show it was gambling proceeds.  The State’s answer asserted, 
inter alia
, that forfeiture of gambling proceeds is automatic under article 18.18(a) of the Code of Criminal Procedure, without any judicial determination that funds are gambling proceeds.  

Following a hearing on February 18, the trial court signed an order on March 3, 2004, directing the State to deposit the money seized in connection with cause numbers CR2002-120 and CR2002-124, totaling $55,224.38, into the registry of the court clerk pending “a final hearing to determine ownership of said funds.”

The trial court overruled the State’s motion for new trial, and the State filed a notice of appeal on June 1, 2004.

Contemporaneous with filing his brief, appellee Stewart has filed a motion to dismiss the appeal for want of jurisdiction, arguing the trial court’s March 3 order is interlocutory and not appealable.  We agree.  In 
Jordan v. Jordan
, 907 S.W.2d 471 (Tex. 1995), our supreme court considered a challenge to an order similar to the one at issue here.  The court held “[a] bill of review which sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable.”  
Id.
 at 472.  The order here, like the order in 
Jordan
, does not purport to dispose of the merits of the case, but contemplates a future hearing and resolution. 

Because this court therefore lacks jurisdiction over the appeal we must, and hereby do, dismiss the appeal.  Tex. R. App. P. 42.3(a).

James T. Campbell

         Justice