NUMBER 13-03-165-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


____________________________________________________________________


FRANCISCO CASTRO, Appellant,


v.



CENTURYTEL WIRELESS, INC., Appellee.

____________________________________________________________________


On appeal from the County Court at Law No. 4 


of Hidalgo County, Texas.


____________________________________________________________________


MEMORANDUM OPINION


 

Before Chief Justice Valdez and Justices Rodriguez and Garza


Opinion Per Curiam


 Appellant, Francisco Castro, seeks to appeal an order granting a partial summary
judgment in a bill of review proceeding. In the underlying proceeding, appellee,
Centurytel Wireless, Inc. ("Centurytel"), filed a bill of review to set aside a default
judgment in favor of appellant. The trial court signed a partial summary judgment in
favor of Centurytel, and entered judgment that "the default judgment . . . and all
matters in dispute. . . shall proceed to trial on the merits." This appeal ensued. 
Centurytel has filed a motion to dismiss this appeal for want of jurisdiction. We agree
with Centurytel, and dismiss the appeal.

 We have no jurisdiction to hear an appeal from a judgment that is not final. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final if
it disposes of all pending parties and claims in the record. Guajardo v. Conwell, 46
S.W.3d 862, 863-64 (Tex. 2001) (per curiam). A bill of review that sets aside a prior
judgment, yet does not dispose of all the issues in the case, is interlocutory and not
appealable. Jordan v. Jordan, 907 S.W.2d 471, 472 (Tex. 1995) (per curiam) (citing
Tesoro Petroleum v. Smith, 796 S.W.2d 705, 705 (Tex. 1990) (per curiam)); Hartford
Underwriters Ins. v. Mills, 110 S.W.3d 588, 591 (Tex. App.-Fort Worth 2003, no
pet.); Mills v. Corvettes of Houston, Inc, 44 S.W.3d 197, 199 (Tex. App.-Houston
[14th Dist.] 2001, no pet.).

 The trial court in this case has ordered a trial on the merits, thus indicating that
all issues are not resolved. See Jordan, 907 S.W.2d at 472. Accordingly, this Court
lacks jurisdiction over the appeal. See id.

 The appeal is dismissed for want of jurisdiction.


 PER CURIAM


Opinion delivered and filed this

the 20th day of November, 2003.