NO. 07-04-0035-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 23, 2004



______________________________




CARL J. NICHOLS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 87,344-B; HONORABLE JOHN B. BOARD, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Carl J. Nichols proceeding pro se and in forma pauperis filed a notice of
appeal from the trial court's order of dismissal for want of prosecution. The order was
signed on October 6, 2003, and the notice of appeal was filed on January 28, 2004. We
dismiss this purported appeal for want of jurisdiction.

 A notice of appeal is due to be filed within 30 days after a judgment is signed unless
one of the extension provisions of Rule 26.1(a) of the Texas Rules of Appellate Procedure
applies extending the time to 90 days. The order of dismissal Nichols is challenging was
signed on October 6, 2003. In his notice of appeal filed on January 28, 2004, he asserts
he filed a motion to reinstate on October 28, 2003. The clerk's record, however, does not
contain a motion to reinstate or any other post-judgment motion that would extend the time
in which to file the notice. This Court directed Nichols to reasonably explain why his appeal
should not be dismissed for want of jurisdiction. Relying on Rules 44.1 and 44.4 of the
Texas Rules of Appellate Procedure, Nichols responded by filing a motion for reversible
and remediable error. 

 By his motion, Nichols requests that due to his incarceration and his status as a
mental patient, he be given more latitude than a licensed attorney. He relies on Haines v.
Kerner, 404 U.S. 519, 520 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), which suggests that pro
se pleadings be construed more liberally than those filed by attorneys. Nevertheless,
unless our jurisdiction is properly invoked, we have no authority to address the merits of
Nichols's motion. See Bethurum v. Holland, 771 S.W.2d 719, 722 (Tex.App.-Amarillo
1989, no writ) (holding that when an appellate court determines it lacks jurisdiction, it can
only dismiss the appeal).

 Assuming arguendo that Nichols filed a post-judgment motion, the deadline,
including the 15-day extension provided by Rule 26.3, would have been extended to
January 20, 2004. Thus, the notice of appeal filed on January 28, 2004, is untimely and
our jurisdiction was not properly invoked.

 Accordingly, this purported appeal is dismissed for want of jurisdiction and Nichols's
motion for reversible and remediable error is moot.


 Don H. Reavis

 Justice



wing a hearing on February 18, the trial court signed an order on March 3,
2004, directing the State to deposit the money seized in connection with cause numbers
CR2002-120 and CR2002-124, totaling $55,224.38, into the registry of the court clerk
pending "a final hearing to determine ownership of said funds."

 The trial court overruled the State's motion for new trial, and the State filed a notice
of appeal on June 1, 2004.

 Contemporaneous with filing his brief, appellee Stewart has filed a motion to dismiss
the appeal for want of jurisdiction, arguing the trial court's March 3 order is interlocutory and
not appealable. We agree. In Jordan v. Jordan, 907 S.W.2d 471 (Tex. 1995), our supreme
court considered a challenge to an order similar to the one at issue here. The court held
"[a] bill of review which sets aside a prior judgment but does not dispose of the case on the
merits is interlocutory and not appealable." Id. at 472. The order here, like the order in
Jordan, does not purport to dispose of the merits of the case, but contemplates a future
hearing and resolution. 

 Because this court therefore lacks jurisdiction over the appeal we must, and hereby
do, dismiss the appeal. Tex. R. App. P. 42.3(a).

 James T. Campbell

 Justice