NO. 07-04-0392-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 20, 2004

_____

STATE OF TEXAS, APPELLANT

V.

1998 CADILLAC 4 DOOR, ET AL., APPELLEES

_____

FROM THE 4TH DISTRICT COURT OF RUSK COUNTY;

NO. 2002-220; HONORABLE J. CLAY GOSSETT, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION ON MOTION TO DISMISS**

The State of Texas, acting through the Office of the Attorney General, seeks to appeal an order granting a bill of review of a prior order forfeiting money. Because no appeal may be brought from the order at issue, we will dismiss the appeal.

The briefs and record before us indicate the State seized property in May 2002 pursuant to warrants alleging the property was either gambling devices or gambling

proceeds. The State then initiated three proceedings. In cause number 2002-220 it sought forfeiture of three automobiles owned by Frank Stewart. Cause numbers CR2002-120 and CR2002-124 charged Stewart with engaging in organized criminal activity based on the operation of gambling devices. In those proceedings the State sought forfeiture of gambling devices, $38,704.47 in cash, $16,519.91 seized from two bank accounts, and several items of miscellaneous personal property.

On January 22, 2003, the trial court rendered an agreed judgment in cause number 2002-220 returning two of the vehicles to Stewart and forfeiting the other vehicle to the State. Stewart was convicted of possession of a gambling device in both criminal proceedings pursuant to pleas of guilty. In cause number CR2002-124 the court rendered an order on January 23, 2003 forfeiting 25 gambling devices, $28,103.14 in cash and $7,447.45 seized from a bank account as gambling proceeds. It ordered return of six other items. A March 25, 2003, order nunc pro tunc in cause number CR2002-124 added forfeiture of an additional $9,072.46.

In cause number CR2002-120 the court's initial order, rendered January 23, 2003, also forfeited 25 devices, the same money forfeited in CR2002-124, and ordered return of the same six items as the order in CR2002-124. An amended order signed February 11, 2003, directed forfeiture of 23 machines and $10,601.33 in cash.

In September 2003 Stewart filed a bill of review petition under cause number 2002-220 seeking reformation of the forfeiture judgments in CR2002-120 and CR2002-124 to direct return of the money on the basis the State failed to show it was gambling proceeds.

The State's answer asserted, *inter alia*, that forfeiture of gambling proceeds is automatic under article 18.18(a) of the Code of Criminal Procedure, without any judicial determination that funds are gambling proceeds.

Following a hearing on February 18, the trial court signed an order on March 3, 2004, directing the State to deposit the money seized in connection with cause numbers CR2002-120 and CR2002-124, totaling $55,224.38, into the registry of the court clerk pending "a final hearing to determine ownership of said funds."

The trial court overruled the State's motion for new trial, and the State filed a notice of appeal on June 1, 2004.

Contemporaneous with filing his brief, appellee Stewart has filed a motion to dismiss the appeal for want of jurisdiction, arguing the trial court's March 3 order is interlocutory and not appealable. We agree. In *Jordan v. Jordan*, 907 S.W.2d 471 (Tex. 1995), our supreme court considered a challenge to an order similar to the one at issue here. The court held "[a] bill of review which sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable." *Id.* at 472. The order here, like the order in *Jordan*, does not purport to dispose of the merits of the case, but contemplates a future hearing and resolution.

Because this court therefore lacks jurisdiction over the appeal we must, and hereby do, dismiss the appeal. Tex. R. App. P. 42.3(a).

James T. Campbell
Justice

-3-