# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00056-CV

**Mary Arnett, Appellant**

**v.**

**Angela Marie Arnett, Appellee**

## FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT NO. 14,952, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On January 21, 2005, appellant Mary Arnett filed her notice of appeal from the trial court's order, signed January 14, 2005. Appellee Angela Arnett filed a bill of review, attacking an order signed on September 14, 2001, which terminated her parental rights to her son and granted his adoption to appellant. On January 14, 2005, the trial court granted appellee's bill of review and set aside the 2001 order of termination and adoption. It is from this order that appellant appeals.

An order granting a bill of review that does not dispose of the merits of the underlying case is interlocutory in nature. *Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995); *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990). Believing we lacked jurisdiction, we asked appellant to provide briefing on how we might have jurisdiction over this appeal. We initially requested that explanation by March 7, and then gave appellant an extension to April 11. As of yet, appellant has not provided any explanation of jurisdiction.

The trial court's January 14 order sets aside the 2001 order but does not make any determinations of the issues related to the termination of appellee's parental rights or appellant's adoption of the child. Appellant having provided no explanation to the contrary, we conclude that the January 14 order, therefore, is interlocutory in nature and is not an order from which appellant may bring an interlocutory appeal. Appellant has also filed a motion to stay execution of the January 14 order, explaining that the child is a special-needs child and that it would be in his best interest to subject him to as little disruption as possible. Although we sympathize with appellant's desire to provide a stable environment for the child, because we lack jurisdiction over this appeal, we are without authority to stay the January 14 order. We therefore dismiss appellant's motion to stay execution of the order and dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed for Want of Jurisdiction

Filed: May 6, 2005

2