# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

============================

## ON MOTION FOR REHEARING

============================

## NO. 03-05-00056-CV

**Mary Arnett, Appellant**

**v.**

**Angela Arnett, Appellee**

**FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT**
**NO. 14,952, HONORABLE JOE CARROLL, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Mary Arnett has filed a motion for rehearing following our dismissal of her cause for lack of jurisdiction. We grant the motion for rehearing and reinstate the cause. We withdraw our opinion and judgment dated May 6, 2005, and substitute the following opinion.

Appellee Angela Arnett is the mother of A.M.A. Appellant Mary Arnett is Angela's mother and A.M.A.'s grandmother. On September 14, 2001, the trial court signed an order terminating appellee's parental rights and granting appellant's request to adopt A.M.A. The order recites that appellee signed an affidavit of relinquishment of her parental rights. On January 14, 2005, the trial court signed an order granting appellee's bill of review, setting aside the 2001 termination and adoption order. On January 21, 2005, appellant filed her notice of appeal from the order granting the bill of review. Appellant also filed a motion seeking to have the execution of the

order stayed. On May 6, 2005, holding that the order granting the bill of review was an unreviewable, interlocutory order, we dismissed the appeal for want of jurisdiction. Appellant has filed a motion for rehearing, providing the reporter's record from a hearing held before the trial court on June 2, 2005. She argues that the reporter's record shows that the court "confirmed that it believed its decision was a final decision setting aside and dismissing the entire adoption case."

As we stated in our original opinion dismissing this appeal, an order granting a bill of review that does not dispose of the merits of the underlying case is interlocutory in nature. *Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995); *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990). The order from which appellant seeks to appeal sets aside and holds for naught appellant's adoption of A.M.A. and the termination of appellee's parental rights. The order does not dispose of the merits of the underlying case involving whether appellee's parental rights should be terminated and appellant should be allowed to adopt the child, nor does it provide that the case is dismissed.

At the hearing in June, the trial court stated that when it granted the bill of review, it refrained from entering any orders because the parties' attorneys told the court they were trying to work out a visitation agreement. The court says, "I'm giving the baby to the mother. . . . If the grandmother wants to work out an agreement with the mother for some visitation, she can work out an agreement, which is what I thought y'all were going to do. And if she can't work out an agreement, you can petition the Court, and I'll be delighted to hear your petition." Appellant's attorney read a portion of this Court's dismissal, attempting to clarify whether the trial court had made a final determination, and the court replied, "The grandmother attempted to terminate [appellee's] rights and attempted to adopt the baby, and I set that aside by bill of review. So that just

2

simply restores the situation to where it was." The court went on to say that at the end of the hearing on the bill of review, the parties indicated that they were trying to work out a visitation agreement, and that the court "stopped short of making any final orders at that time" in order to allow the parties time to work out an agreement. The trial court said that it set aside not only the order terminating appellee's rights and granting appellant's request to adopt A.M.A., but also a temporary order entered in 1992. The court further stated, "I just want this clear, and that is that the mother is the mother and the grandmother is the grandmother. The grandmother has no rights to that child at all unless by virtue of a court order which she doesn't have."

Appellant urges us to reconsider our dismissal, arguing that the trial court has indicated that it had entered a final order or at least intended to do so. However, the record seems to show that the trial court knew that final orders had to be entered, but that it refrained from doing so pending the parties' negotiations as to visitation. The court referred several times to signing a final order once it was prepared by the parties, but it appears that neither party has obtained an order dismissing or otherwise disposing of the underlying suit. We therefore reinstate and abate the appeal, remanding the cause to the trial court for entry of an order making a final disposition of the case.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed: November 10, 2005