Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# MEMORANDUM OPINION

No. 04-08-00810-CV

Charles **WEAVER**,
Appellant

v.

Fidencio **CASTELLANO**,
Appellee

From the County Court, Bandera County, Texas
Trial Court No. 08-0047
Honorable Richard A. Evans, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
             Sandee Bryan Marion, Justice
             Phylis J. Speedlin, Justice

Delivered and Filed:   December 17, 2008

DISMISSED FOR LACK OF JURISDICTION

Charles Weaver has filed a notice of appeal, stating that he intends to appeal from the Bandera County Court's order that set aside its previous order dismissing the cause for lack of jurisdiction. Weaver states that he will argue on appeal that the Bandera County Court lacks subject matter jurisdiction to hear the case below. However, because the order of the Bandera County Court is not a final order, we have no jurisdiction to hear such an appeal.

A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Here, the trial court's order is interlocutory because it does not dispose of all parties and causes of action. *See Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995) (explaining that court of appeals had no jurisdiction over appeal because an order that sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable). Thus, it is not a final and appealable order.

Further, interlocutory orders may be appealed only if a specific statute authorizes such an interlocutory appeal. For example, section 51.014 of the Texas Civil Practice and Remedies Code lists circumstances under which a person may appeal from an interlocutory order of a district court, county court at law, or county court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon 2008). We cannot, however, find any statutory authority that allows a party to appeal from the Bandera County Court's interlocutory order.

We, therefore, ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant did not respond.

We dismiss this appeal for lack of jurisdiction. TEX. R. APP. P. 42.3(a).

PER CURIAM