Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-09-00582-CV

Tom **RETZLAFF**,
Appellant

v.

Belinda **MENDIETA-MORALES**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 345077
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Phylis J. Speedlin, Justice

Delivered and Filed: December 9, 2009

DISMISSED FOR LACK OF JURISDICTION

On July 1, 2008, a default judgment was entered against Appellee Belinda Mendieta-Morales. On December 2, 2008, Appellee Mendieta-Morales filed an original petition for bill of review in the trial court, seeking to vacate the default judgment. On March 5, 2009, Appellee Mendieta-Morales filed a motion for summary judgment. On June 12, 2009, the trial court granted Appellee Mendieta-Morales's motion for summary judgment. Appellant Tom Retzlaff then filed a notice of appeal.

In *Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995), the supreme court held that "[a] bill of review [that] sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable." *See also Hartford Underwriters Ins. v. Mills*, 110 S.W.3d 588, 591 (Tex. App.—Fort Worth 2003, no pet.). Thus, the supreme court held that the court of appeals lacked jurisdiction over the appeal. *Jordan*, 907 S.W.2d at 472. Here, the trial court granted Mendieta-Morales's motion for summary judgment. That motion argued the following: (1) Appellant Retzlaff's service was fatally defective as a matter of law; (2) there is no genuine issue of material fact that Retzlaff engaged in fraud and wrongful conduct to prevent Mendieta-Morales from timely answering the lawsuit; and (3) there is no genuine issue of material fact that Mendieta-Morales has a meritorious defense. These arguments concern whether the bill of review should be granted and whether the prior judgment should be set aside. However, they do not relate to the merits of the underlying lawsuit. Therefore, the trial court's order granting summary judgment did not dispose of the case on the merits, and is interlocutory and not appealable.

We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM