**Opinion issued January 30, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00938-CV

_____

**HOA V. DANG, Appellant**

**V.**

**TEXACO #129, Appellee**

On Appeal from County Civil Court at Law No. 2
Harris County, Texas
Trial Court Case No. 1014805

## MEMORANDUM OPINION

Appellant, Hoa V. Dang, attempts to appeal from a judgment granting a petition for bill of review and ordering a new trial. We dismiss the appeal.

Appellant brought suit against Texaco #129 related to an assault suffered by appellant. On January 24, 2012, the trial court signed a default judgment against

Texaco #129. Subsequently, Texaco #129 filed a petition for bill of review challenging the default judgment and asking the trial court to vacate the January 24, 2012 judgment and order a new trial.

On October 16, 2013, the trial court signed a judgment granting the bill of review and ordering a new trial. It is from this order that appellant has appealed.

Texaco #129 has now filed in this Court a motion to dismiss the appeal, arguing that the October 16, 2013 judgment is interlocutory and not appealable. We agree.

It is a well-established rule in Texas that a judgment rendered in a bill of review proceeding that does not dispose of the entire controversy is interlocutory in nature and not a final judgment from which an appeal will lie. *See Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995) (per curiam); *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990) (per curiam). Here, the October 16, 2013 judgment did not dispose of the merits of the case, but instead granted a new trial. *See Jordan*, 907 S.W.2d at 472 (judgment in bill of review proceeding that ordered trial did not dispose of case on merits); *Smith v. Belton*, No. 2-08-258-CV, 2009 WL 4114393, at *2 (Tex. App.—Fort Worth Nov. 25, 2009, pet. denied) (mem. op.) (judgment granting bill of review and ordering case set for new trial did not dispose of case on merits). Because the trial court's order does not purport to

dispose of the claims between the parties, it is interlocutory in nature. We must dismiss appellant's appeal for lack of jurisdiction.

Accordingly, we grant Texaco #129's motion to dismiss and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a); 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Brown.