

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00919-CV

Alfredo **CEPEDA**,
Appellant

v.

Pansy Bama **DIETZE** and Juan Ramon Lopez,
Appellees

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2009CVQ001148-D1
Honorable Jose A. Lopez, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
             Beth Watkins, Justice
             Liza A. Rodriguez, Justice

Delivered and Filed: February 13, 2019

DISMISSED

On September 25, 2007, a default judgment was entered against appellee Pansy Bama Dietze. On July 9, 2009, Dietze filed an original petition for bill of review in the trial court, seeking to vacate the default judgment. On October 31, 2018, the trial court granted the petition for bill of review and vacated the default judgment. On November 30, 2018, appellant Alfredo Cepeda filed a notice of appeal.

In *Jordan v. Jordan*, the Texas Supreme Court held that "[a] bill of review [that] sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable."

907 S.W.2d 471, 472 (Tex. 1995); *see Hartford Underwriters Ins. v. Mills*, 110 S.W.3d 588, 591 (Tex. App.—Fort Worth 2003, no pet.) (holding order granting bill of review that did not dispose of the merits was interlocutory and not appealable). The supreme court further held that the court of appeals lacked jurisdiction over the appeal. *Jordan*, 907 S.W.2d at 472. Furthermore, an order that does not dispose of all pending claims and parties is generally interlocutory and unappealable unless a statutory exception applies. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

Here, the challenged order grants both a petition for bill of review and a motion for partial summary judgment. However, the challenged order fails to dispose of all pending claims and parties. Additionally, the challenged order, which directs the parties to confer and enter into a docket control order, contemplates future resolution on the merits. Because it appeared the challenged order was interlocutory and not appealable, we ordered Cepeda to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Cepeda failed to respond. Accordingly, this appeal is dismissed for lack of jurisdiction.

PER CURIAM