**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00481-CV**
_____

**IN RE ENVO SPECIALTIES LLC,
STEVE NGUYEN, AND EILEEN NGUYEN**

**Original Proceeding
60th District Court of Jefferson County, Texas
Trial Cause No. B-201,507**

**MEMORANDUM OPINION**

In this original proceeding, we are asked to consider whether the trial court abused its discretion by setting aside a judgment against M. McLain Investments LLC ("Investments") in Trial Court Cause Number B-198,098, the underlying cause, in a bill of review proceeding, assigned Trial Cause Number B-201,507. We conclude that the relators in this original proceeding, Envo Specialties, LLC, Steve Nguyen, and Eileen Nguyen (collectively "Envo"), are entitled to relief, so we conditionally issue the writ.

1

Background

In August 2016, Envo sued Investments and Brian McLain for breach of contract, common law fraud, and trespass to try title. Envo's claims concerned the ownership of real property that is located on Saba Lane in Port Neches, Texas. In addition to its claims for damages, Envo alleged that it was entitled to have the trial court declare that it owned the property located on Saba Lane. Envo asked that the trial court impose a constructive trust upon that same property. Envo, however, never served citation in the suit it filed on Investments. Brian McLain ("McLain"), who identified himself as Investments' chief executive officer, still learned that Investments was a party to the suit. He filed a letter with the District Clerk responding to the allegations in the petition that Envo filed against Investments in the underlying cause.

In mid-August 2017, Envo moved to default Investments, arguing that McLain could not represent Investments because he was not licensed to practice law. In its motion, Envo argued that Investments' answer was defective and that the court should treat Investments as if it had failed to answer Envo's suit. Five days later, the trial court conducted an evidentiary hearing on Envo's motion.[1] Neither McLain nor

---

[1] Two previous hearings provide needed context to understand fully the ruling the trial court made at the August 2017 hearing. During a May 2017 hearing in the case, the trial court told McLain that his answer for Investments was insufficient

2

Investments appeared for the August hearing. Eileen Nguyen was the only witness who testified in the August hearing. She testified that although Envo had fully paid the purchase price for the property that it purchased on Saba Lane, neither McLain nor Investments provided them with a deed or with clear title to the property. She also testified after McLain found out that he could not provide Envo with a clear title to the property, he refunded around $158,000 of the amount Envo had paid for the property. After explaining the reasons that Envo sued Investments, Nguyen described the consequential damages that she claims Envo suffered because of Investment's breach of the agreement that it made with Envo to convey the property. After Nguyen testified, the trial court said it would "grant [Envo's] motion for default judgment and award the damages outlined in the testimony."

---

because Investments had not appeared through an attorney. The court warned McLain: "You need to get an attorney probably pretty quick, sooner rather than later, for the corporation[.]" McLain responded: "Sure." During a June 2017 hearing, the trial court told McLain for a second time that the court would require Investments to appear in the case using an attorney. In the June 2017 hearing, the trial court said: "You need to get an attorney, like, pretty quick[.] McLain responded: "Sure." In the same hearing, Envo's attorney advised the trial court that Investments could be defaulted if it failed to "ever get an Answer on file[.]" The trial court responded: "Okay[,]" and it advised McLain that should Envo seek a default judgment against Investments, "a response from you personally is not gonna (sic) - - [McLain]: Right, I understand. The Court: -- cut it. You know, it's gonna (sic) be granted if he does not have an attorney on that." At that point, McLain asked the trial court to give him ten days to get an attorney to represent Investments in the underlying cause.

3

In late September 2017, the trial court signed a "FINAL ORDER FOR DEFAULT JUDGMENT AND ORDER TO SEVER[.]" In the order, the trial court (1) granted the motion for default judgment against Investments, (2) declared that Envo owned the real property on Saba Lane, (3) placed a constructive trust on Investments to require Investments to convey the property to Envo, (4) awarded $629,158 in damages to Envo based on Investments' breach, and (5) severed Envo's remaining claims against McLain into a new cause number, Trial Court Cause Number B-198,903-A.

In early October 2017, the District Clerk notified McLain that the trial court had rendered the judgment against Investments in the underlying cause. About six months later, Investments retained an attorney who then filed a bill of review on its behalf. In its bill, Investments asked the trial court to set aside the judgment that Envo obtained against Investments in the underlying cause. In the petition Investments filed in the bill of review proceeding, Investments alleged that Envo failed to serve citation on Investments in the underlying cause. And Investments alleged that the trial court erred in failing to treat the letter that McLain filed with the District Clerk as Investments' answer, and in defaulting Investments when it had filed an answer. When Envo answered the allegations that Investments made in its

4

bill of review, it argued that Investments had not presented a valid basis to justify a ruling that overturned a judgment that at that point was final.

In April 2018, Envo and Investments both moved for summary judgment on the claims in the bill of review. Investments' motion for summary judgment relied in part on an affidavit signed by McLain. In his affidavit, McLain described his efforts to obtain an attorney to represent Investments in the underlying cause. He explained that he tried to retain an attorney before the May 2017 hearing that the trial court conducted in the underlying cause. He also stated that on October 4, 2017, he received the notice from the District Clerk informing him that the trial court rendered a judgment against Investments in the underlying cause and a copy of that judgment. McLain then stated in his affidavit that on March 12, 2018, he obtained an attorney to represent Investments' interests on Envo's claims.

In July 2018, Investments supplemented its motion for summary judgment in the proceedings on the bill of review. Investments' supplemental motion contains the sworn answers of four attorneys to a deposition on written questions; their answers reflect that McLain was seeking an attorney to represent Investments' interests against Envo since he contacted one of these attorneys in November 2016, May 2017, February 2018, and March 2018. The summary judgment evidence, however, does not show that McLain (or Investments) ever contacted an attorney to

5

discuss representing Investments between the date that McLain learned of the judgment in the underlying cause and the date the Rules of Civil and Appellate Procedure allow defendants to file post-judgment motions or notices of appeal.[2]

In late September 2018, the trial court granted Investments' motion for summary judgment and denied Envo's motion. In its judgment granting Investments' bill of review, the trial court (1) vacated the judgment in the underlying cause, Trial Court Cause Number B-198,903; (2) re-opened the underlying cause, and then then consolidated the underlying cause with Trial Court Cause Number B-198,903-A.

Issues

In their petition for mandamus relief, Envo argues that the trial court failed to apply the law correctly when it granted Investments' relief based on the evidence and arguments it presented in support of its bill of review. According to Envo, McLain's letter functioned as an answer for Investments in the underlying cause, but when McLain appeared at later hearings in the underlying cause, the trial court warned McLain more than once that the court would require Investments to appear through a licensed attorney. Envo concludes the trial court had the right to treat McLain's letter as not being an answer for Investments, given the warnings the court

---

[2] *See* Tex. R. Civ. P. 329b(b); Tex. R. App. P. 26.1.

gave McLain that the court would require Investments to appear through an attorney. Alternatively, Envo argues that once the judgment in the underlying cause became final, which occurred in late October 2017, Investments was not entitled to an equitable remedy because it failed to protect its rights by pursuing the post-judgment remedies available to it in the underlying cause.

In response to the petition for mandamus, Investments argues that the trial court erred in entering a default judgment because McLain's letter, after he filed it with the District Clerk, functioned as Investments' answer in the underlying cause. Alternatively, Investments argues that the trial court had the right to overturn the judgment in the underlying cause based on its claim that the trial court failed to give Investments sufficient notice (forty-five days) of the hearing that resulted in the judgment in the underlying cause.[3] According to Investments, a due process violation occurred when the trial court conducted a trial on the merits of Envo's claims without giving Investments enough notice of the date the trial court scheduled the hearing to occur. Last, Investments argues that the evidence in the bill of review proceeding authorized the trial court to find that Investments was not negligent or at

_____

[3] Rule 245 of the Texas Rules of Civil Procedure requires courts to provide "reasonable notice of not less than forty-five days to the parties of a first setting for trial[.]" Tex. R. Civ. P. 245. If the trial court had to treat McLain's letter as Investments' answer, it appears the September 2017 hearing is the first time the trial court set the case for trial.

fault for having failed to protect its interests by filing post-judgment motions or a notice of appeal in which it directly attacked the judgment in the underlying cause.

Standard of Review

A writ of mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal.[4] An abuse of discretion occurs if a trial court has failed to analyze or apply the law correctly.[5] "The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments."[6] To evaluate whether an appellate remedy, although available, is inadequate, appellate courts consider whether an irreversible waste of public resources will occur should the writ not issue.[7]

---

[4] *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

[5] *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

[6] *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

[7] *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Masonite Corp.*, 997 S.W.2d 194, 198 (Tex. 1999).

Analysis

Trial courts may not provide for an equitable remedy through a bill of review proceeding unless the party who files the bill of review "has exercised due diligence in pursuing all adequate legal remedies against a former judgment and, through no fault of its own, has been prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party."[8] Stated another way, "[i]f legal remedies were available but ignored, relief by equitable bill of review is unavailable."[9]

Here, Investments had legal remedies to correct the alleged errors that it identified in its bill of review. The same arguments that it raised in its bill could have been raised in a post-judgment motion for new trial, a motion for JNOV, or a direct appeal from the final judgment the trial court rendered in the underlying cause. In the underlying cause, McLain's letter to the District Clerk, which he filed on Investments' behalf, functioned as Investments' answer in the underlying suit. McLain filed the letter timely in response to Envo's suit. The contents of the letter acknowledge the suit, assert that Envo's claims lacked merit, and contains the

---

[8] *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926-27 (Tex. 1999); *see also* *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979).

[9] *Wembley Inv. Co.*, 11 S.W.3d at 927.

information the District Clerk needed to identify the parties, the cause number, and the defendant's address.[10] Once McLain filed the letter for Investments with the District Clerk in the underlying cause, Investments was duly entitled to sufficient notice of any trial settings, including the one that resulted in the judgment in the underlying cause.[11]

But even if we were to assume that the trial court failed to give Investments enough notice of the September 2017 hearing, the record does not show that Investments, after appearing in the case, ever objected *in the underlying cause* that the trial court failed to provide it with enough notice. The record does not show that Investments objected to the setting either before or after the hearing or the date the trial court rendered judgment. While the complete absence of notice of a trial setting may allow a plaintiff in a bill of review proceeding to establish that it has a meritorious defense to the judgment that trial court rendered in an underlying cause, the plaintiff must also establish in the proceeding that the trial court's conduct or that of another party kept the party who filed the bill from raising its defenses, either

---

[10] *See Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992).

[11] *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989).

by fraud, accident, wrongful act, or official mistake.[12] And, before a trial court may grant equitable relief in a bill of review, the plaintiff in the proceeding must establish that it pursued the legal remedies it had to overturn the judgment that the trial court rendered in the underlying cause.[13]

Here, McLain (Investments' agent) acknowledged in his affidavit that he knew Investments had suffered an adverse judgment in the underlying cause. The evidence before the trial court in the bill of review proceeding also shows that McLain was aware of the judgment fourteen days after the trial court rendered judgment against Investments in the underlying cause. Thus, McLain knew of the judgment at a time that Investments could have—but did not—file timely post-judgment motions or a direct appeal attacking the trial court's judgment.[14]

---

[12] *Grant v. Calligan*, No. 14-15-01084-CV, 2017 WL 455731, at *4 (Tex. App.—Houston [14th Dist.] Feb. 2, 2017, no pet.) (mem. op.).

[13] *Id.* at *3; *Wuxi Taihu Tractor Co., Ltd. v. York Group, Inc.*, No. 01-13-00016-CV, 2014 WL 6792019, at *7, 10 (Tex. App.—Houston [1st Dist.] Dec. 2, 2014, pet. denied) (mem. op.). We note, however, that a defendant need not show that it filed a restricted appeal to exhaust the legal remedies available to it to overturn a judgment. *Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004).

[14] Investments had thirty days from the judgment to move for new trial or to file a direct appeal. *See* Tex. R. Civ. P. 329b (providing that a motion for new trial and motions to modify, correct, or reform judgments must be filed before or within thirty days of the date the judgment is signed); Tex. R. App. P. 26.1 (providing that "the notice of appeal must be filed within 30 days after the judgment is signed" unless the party moves for a new trial, to modify the judgment, to reinstate a case

Texas law is clear: "A party who fails to timely avail itself of available legal remedies is not entitled to relief by bill of review."[15] The trial court erred when it accepted Investments' argument that its evidence established an equitable excuse for its failure to pursue its legal remedies to overturn the judgment in the underlying cause. Investments filed an appearance in the underlying cause, and it received notice of the trial court's ruling granting judgment in Envo's favor.[16] Additionally, the testimony of the five attorneys Investments used to support its motion for summary judgment reveals that the contact McLain had with them did not occur in the period that it could have filed post-judgment motions or a notice of appeal. The

dismissed for want of prosecution, or requests findings of fact and conclusions of law when such findings are required by the Rules. We also note that Brian McLain could have, but did not, file a notice of appeal in Cause Number B-198,903 on his company's behalf. *See Kunstoplast of Am., Inc. v. Formosa Plastics, Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (holding that a non-lawyer may perform the ministerial task of filing a cost bond to perfect an appeal). In the context of perfecting an appeal, documents filed by non-lawyers are defective, so the instruments are voidable, but are not void. *See Tunad Enters., Inc. v. Palma*, No. 05-17-00208-CV, 2018 WL 3134891, at *2-3 (Tex. App.—Dallas June 27, 2018, no pet.) (mem. op.) (concluding that a motion for new trial filed by non-lawyer on a company's behalf extended time for the company to perfect its appeal). When the party who filed a defective notice of appeal corrects the defective notice with an amended notice, the amended notice relates back to the date of original filing. *See generally* Tex. R. App. P. 25.1(g).

[15] *Wembley Inv. Co.*, 11 S.W.3d at 927.

[16] *Id.*

testimony of the attorneys shows that two of the attorneys declined to represent Investments before Envo obtained the judgment in the underlying cause. The testimony of the other three attorneys shows McLain contacted them about representing Investments' interests after the period Investments had to file a post-judgment motion or to appeal the underlying cause. Thus, even if a trial court could extend an equitable excuse for a party's failure to pursue its post-judgment remedies under the circumstances here, a question we need not decide, the evidence in the bill of review proceedings does not show that Investments exercised reasonable diligence. Instead, the evidence shows that McLain did not try to retain an attorney in a timely manner for Investments after learning that Investments had suffered an adverse judgment in the underlying cause.

We conclude the trial court abused its discretion because it failed to apply the law, which requires a party seeking relief in an equitable bill of review proceeding to show that the party pursued its legal remedies by filing post-judgment motions or a notice of appeal.[17] Having concluded that the trial court abused its discretion, we

---

[17] *In re Tex. Real Estate Comm'n*, No. 04-17-00379-CV, 2018 WL 521576, at *3 (Tex. App.—San Antonio Jan. 24, 2018, orig. proceeding) (mem. op.).

turn to whether Envo is entitled to relief on its petition or whether we should require that it file a direct appeal.[18]

The mere fact that an error is appealable does not mean that mandamus will not lie, as "[t]he adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments."[19] Moreover, the benefit to correcting an error on mandamus is that correcting the error early prevents the parties—and the courts—from expending time, money, and resources on a case that is fatally flawed should it go to trial.[20] The benefits of reviewing matters on mandamus are even greater if the party filing the petition establishes that the trial court deprived it of the benefits of a final judgment because the further proceedings required in the underlying case should the writ not issue would prove meaningless.[21]

Investments used the bill of review proceeding to attack a final judgment. When the mandamus record establishes that an error occurred in a case involving a

---

[18] *See In re Prudential*, 148 S.W.3d at 136 (holding that relief is available only when no adequate remedy exists through an appeal).

[19] *In re Team Rocket,* 256 S.W.3d at 262.

[20] *See In re Essex Ins.*, 450 S.W.3d at 528.

[21] *In re Spiller*, 303 S.W.3d 426, 431 (Tex. App.—Waco 2010, orig. proceeding).

14

final judgment overturned in a bill of review, "[t]he act of proceeding to trial based on an improperly granted bill of review defeats the fundamental public policy favoring the finality of judgments."[22] Were we to require Envo to file an appeal, we note that it could appeal only after the trial court resolved the underlying cause.[23]

We conclude that the benefits of reviewing the trial court's errors by mandamus under the circumstances here outweigh the detriments of making Envo appeal the ruling after the trial court concluded the proceedings in Trial Court Cause Number B-198,098. If we were to require Envo to appeal, Envo would be subject to any claims and defenses that Investments might seek to raise in the underlying case, Trial Court Cause Number B-198,098. Requiring Envo to go to trial after the trial court awarded a judgment in its favor that Investments allowed to become final would deprive Investments of the benefits of a final judgment and result in a waste of the parties' and the judicial system's time and resources.

---

[22] *In re Estrada,* 492 S.W.3d 42, 51-52 (Tex. App.—Corpus Christi 2016, orig. proceeding).

[23] *See Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995) ( "A bill of review which sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable.").

## Conclusion

We conditionally grant Envo's petition for writ of mandamus. We are confident the trial court will vacate its order granting the bill of review in Cause Number B-201,507. We are also confident the trial court will reinstate the default judgment that it rendered in Cause Number B-198,903. The writ will issue only if the trial court fails to comply with the Court's opinion.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on January 11, 2019
Opinion Delivered March 14, 2019

Before McKeithen, C.J., Horton and Johnson, JJ.