

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00195-CV

STATE OF TEXAS, APPELLANT

V.

THIRTY-NINE THOUSAND FIVE HUNDRED DOLLARS
US CURRENCY ($39,500.00), APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 107758-A-CV, Honorable Dan L. Schaap, Presiding

July 26, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, the State of Texas, attempts to appeal the trial court's order granting a petition for bill of review, setting aside a default judgment, and ordering a new trial in favor of appellee, Zenayda Guadalupe Portillo-Rodriguez. We dismiss the appeal for want of jurisdiction.

This court has jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute. *See Lehmann v. Har-Con*

*Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam). The Texas Supreme Court has held that a bill of review that sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable. *Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995) (per curiam).

By letter of June 28, 2019, we notified the parties that it did not appear a final judgment or appealable order had been issued by the trial court and directed the State to show how we have jurisdiction over the appeal. The State filed a response claiming that the trial court has treated the order as a final order and, therefore, it is appealable. The State also requested that we "treat the matter as a Petition for Mandamus" as an alternative to dismissing the appeal.

Because the trial court's order in this case sets aside a prior judgment and grants a new trial on the merits, we are without jurisdiction to review the interlocutory order. *Jordan*, 907 S.W.2d at 472. We also decline to treat the appeal as a petition for writ of mandamus because the State has not filed a petition or record in accordance with Rule of Appellate Procedure 52.

Accordingly, we dismiss the appeal for want of jurisdiction.[1] TEX. R. APP. P. 42.3(a).

Per Curiam

---

[1] With its notice, the State filed a motion for an extension of time to file a notice of appeal pursuant to Rule of Appellate Procedure 26.3. In response, Portillo-Rodriguez filed a motion opposing the extension and requesting dismissal of the appeal. Because we dismiss the appeal for want of jurisdiction, the motions are rendered moot.