**Motions Granted, Appeal Dismissed, and Memorandum Opinion filed February 25, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00323-CV

---

**RICHARD LANCE BOWE, Appellant**

**V.**

**SAMANTHA MARIE BOWE, Appellee**

---

**On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2005-12087A**

---

## MEMORANDUM OPINION

This is an appeal from an order signed December 19, 2018. Appellees have filed motions to dismiss the appeal for lack of jurisdiction. Appellant has responded. We grant the motions to dismiss.

### BACKGROUND

The litigation underlying this appeal began in 2005 as a divorce and custody proceeding between Lance and Samantha. Events in that case spawned three more

trial court proceedings and multiple appeals and original proceedings in this court. Some of the facts in this section are taken from our opinions in earlier appeals. *See In re Marriage of Bowe*, Nos. 14-16-00551-CV, 14-16-00557-CV, 2017 WL 6120779 (Tex. App.—Houston [14th Dist.] Dec. 7, 2017, no pet.) (mem. op.) ("*Bowe I*"); and *Bowe v. Engelhardt*, No. 14-19-00200-CV, 2019 WL 2631056 (Tex. App.—Houston [14th Dist.] June 27, 2019, no pet.) (mem. op.) (per curiam) ("*Bowe II*"). We will refer to this appeal as *Bowe III*.

**Divorce Case (cause number 2005-12087).** Samantha sued Lance for divorce and joint managing conservatorship of their two children in February 2005. The trial court signed an agreed final decree of divorce in May 2005.

**Severed Case (cause number 2005-12087A).** In January 2012, Samantha filed a second amended emergency motion to modify the parent-child relationship in the Divorce Case. The trial court severed that motion into a separate action in March 2012 by appending an A to the cause number of the Divorce Case. In January 2014, Samantha filed a pleading she styled a motion to dismiss and, alternatively, plea to the jurisdiction in the Severed Case. The trial court granted relief. On March 3, 2014, the trial court signed an order stating, "All actions taken by the Court after February 9, 2012 are void since the trial court lacked jurisdiction and no action was taken to extend the Court's plenary power. The Order of Severance signed March 5, 2012 was a nullity as there were no live pleadings to sever."

**Fee Recovery Case (cause number 2015-47671).** Among the orders signed in the Severed Case after February 9, 2012 were orders requiring Lance to pay attorney's and amicus fees to Steven Engelhardt (Samantha's lawyer) and Kelley Fritsch (the children's amicus attorney). Based on the trial court's declaration in the Severed Case that certain orders requiring him to pay fees were void, Lance sued Fritsch and Engelhardt to recover those fees.

**Bill of Review (cause number 2015-77061).** In addition to defending himself in the Fee Recovery Case, Engelhardt filed a bill of review to vacate the March 3, 2014 order in the Severed Case. He contended he did not receive proper notice of the hearing on Samantha's motion to dismiss and, alternatively, plea to the jurisdiction. Fritsch intervened in the Bill of Review.

*Bowe I* **(appeal numbers 14-16-00551-CV and 14-16-00557-CV).** The trial court signed six orders in the Severed Case in 2016. The combined effect of the orders was to alter the March 3, 2014 order by (1) removing the factual findings discussing the grounds for dismissal and (2) changing the order to state that only the "motion to dismiss" was granted. Lance appealed the six orders signed in 2016 in the Severed Case. He contended the orders exceeded the bounds of a nunc pro tunc judgment and were therefore void because they were signed after the trial court's plenary power expired. In December 2017, we issued our opinion agreeing the six orders were void, vacating those orders, and reinstating the March 3, 2014 order.

**Proceedings after *Bowe I*.** The trial court signed two key orders in December 2018, one in the Bill of Review and the other in the Severed Case. In the Bill of Review, the trial court granted Engelhardt's petition for bill of review and vacated the March 3, 2014 order in the Severed Case. In the Severed Case, the trial court signed a new order granting Samantha's January 2014 motion to dismiss.

*Bowe II* **(appeal number 14-19-00200-CV).** Lance filed a notice of appeal in the Bill of Review challenging: (1) the order granting Engelhardt's petition in the Bill of Review; (2) the denial of his motion for new trial in the Bill of Review; and (3) the December 2018 order in the Severed Case. We dismissed that appeal. First, we stated a single appeal could not be taken from multiple trial court numbers (namely, the Severed Case and the Bill of Review) and noted the December 2018 order in the Severed Case was already on appeal in *Bowe III* (this appeal). Second,

we held that the two orders in the Bill of Review were not appealable. "A bill of review which sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable." *Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995).

**Bowe III (this appeal, number 14-19-00323-CV).** Lance filed a notice of appeal in the Severed Case complaining of the December 2018 order. He contends the order is void. Lance is the appellant; Fritsch and Engelhardt are the appellees. Samantha has not appeared in *Bowe III*.

**Mandamus from Severed Case.** A few months after he filed *Bowe III*, Lance filed a petition for a writ of mandamus as a so-called "alternate request" to the relief sought in *Bowe III*. In both the Mandamus from Severed Case and *Bowe III*, Lance complains that the December 2018 order in the Severed Case is void. We denied the petition for writ of mandamus on the ground that Lance has an adequate appellate remedy for the void order—specifically, *Bowe III*, which was already pending. *In re Bowe*, No. 14-19-00636-CV, 2019 WL 4621062 (Tex. App.—Houston [14th Dist.] Sept. 24, 2019, orig. proceeding) (mem. op.) (per curiam).

### ANALYSIS

Lance, Fritsch and Engelhardt all contend the order on appeal (the December 2018 order in the Severed Case) is void because it was signed after the trial court's plenary power expired. We agree. A trial court has plenary power to grant a new trial or vacate, modify, correct, or reform its judgment within 30 days after the judgment is signed. *See* Tex. R. Civ. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). Plenary power may be extended upon the filing of an appropriate post-judgment motion. *See* Tex. R. Civ. P. 329b (c), (e), (g); *Lane Bank*, 10 S.W.3d at 310. Subject to certain exceptions not relevant here, an order signed after the trial court's plenary power expires is void. *See In re Sw. Bell Tel.*

4

*Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). It is undisputed that the order on appeal was signed after the trial court's plenary power expired, so it is void.

Lance, though, contends the two December 2018 orders (the one underlying this appeal and the one signed in the Bill of Review) "amount" to a final judgment. He cites no authority, and we know of none, to support the proposition that orders signed in two different cause numbers can "amount" to a final judgment in either case.

Lance has already filed his brief in this appeal. His brief raises three issues. The first issue concerns the order on appeal, the order we and the parties agree is void. The second and third issues complain of the granting of relief in the Bill of Review. As we explained in *Bowe II*, an order granting a bill of review is not appealable. *Jordan*, 907 S.W.2d at 472.

When the order on appeal is void, the court of appeals must declare the order void and dismiss the appeal for lack of jurisdiction. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995). We note that dismissal of this appeal gives Lance the relief he sought in the Mandamus from Severed Case—vacatur of the December 2018 order in the Severed Case on the ground that it is void.

Accordingly, we grant appellees' motions to dismiss and dismiss this appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Christopher, Bourliot, and Zimmerer.